UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARY COSGROVE,

                Plaintiff,              Case No. 1:17-cv-11691

v.                                                Hon. Thomas L. Ludington

MCLAIN,

                Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT AND
CERTIFYING THAT AN APPEAL COULD NOT BE TAKEN IN GOOD FAITH**

Michigan prisoner Cary Cosgrove has filed a pro se civil rights complaint. ECF No. 1. Plaintiff is incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan. The complaint alleges that on or about October 28, 2015, Defendant, a Michigan Department of Corrections postal inspector working at the Saginaw Correctional Facility, violated Plaintiff's First Amendment rights by failing to return a letter written by Plaintiff that was sent back after he mailed it. Plaintiff does not indicate whether the letter was returned by the post office or by the Department of Corrections, nor does he disclose the nature of the letter. In any event, Plaintiff seeks $7,500 in damages for the knowing violation of his First Amendment rights.

**I.**

Complaints filed in forma pauperis are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss sua sponte complaints that are "(i) frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Supreme Court has

defined a "frivolous" action as one that "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

## II.

Plaintiff alleges that on a single occasion Defendant failed to return a letter written by him that was sent back for unknown reasons. He claims that this constituted an actionable violation of his First Amendment rights. Although there is no question that the First Amendment applies to a prisoner's receipt of incoming mail, the right is subject to limitation. *Sheets v.*

*Moore*, 97 F.3d 164, 166 (6th Cir. 1996); *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). In *Thornburgh v. Abbott*, the Supreme Court held that regulations governing incoming correspondence to prisoners are valid if they are "reasonably related to legitimate penological interests." 490 U.S. 401, 413 (1989).

Plaintiff does not disclose the stated reason for Defendant's actions. Nevertheless, the claim is not actionable. An isolated incident of interference with a prisoner's mail generally is insufficient to establish a constitutional violation. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). Rather, the inmate must show that a prison official "regularly and unjustifiably interfered" with the inmate's incoming mail. *Id*. (citations omitted); *Huey v. Philbin*, Case No. 7:12-cv-97, 2013 U.S. Dist. LEXIS 102856, 2013 WL 3816684, at *6 (M.D. Ga. July 22, 2013) ("Plaintiff's allegation that on one occasion he did not receive his American's Sovereign Bulletin does not rise to the level of a constitutional violation, and therefore Plaintiff has failed to state a First Amendment claim"); *McKinnon v. James*, No. 3:03-cv-2274, 2005 U.S. Dist. LEXIS 8145, 2005 WL 1074466, at *3 (D. Conn. May 5, 2005) ("To state a claim for the violation of [the First Amendment right to free flow of mail] . . . an inmate must allege more than a single instance of interference with his mail.").

Plaintiff's allegations against Defendant McLain do not reflect that he "regularly and unjustifiably" interfered with Plaintiff's mail. Rather, the interference is alleged to have occurred on only one occasion. Plaintiff has thus failed to state a claim upon which relief may be granted.

### III.

Accordingly, **IT IS ORDERED THAT** the complaint, ECF No. 1, is summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

- 4 -

**IT IS FURTHER ORDERED THAT** an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962).

Dated: July 14, 2017                              s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---